# CARMODY
## TORRANCE | SANDAK | HENNESSEY LLP

**Thomas J. Sansone**
Partner
Direct: 203.784.3100
Fax: 203.784.3199
tsansone@carmodylaw.com

195 Church Street
P.O. Box 1950
New Haven, CT 06509

September 20, 2017

**VIA ELECTRONIC FILING**
Honorable Ann M. Nevins, U.S.B.J
United States Bankruptcy Court
District of Connecticut
157 Church Street, 18th Floor
New Haven, CT 06510

      Re:   *In re Rosarbo*
            Docket No.  3:17BK-31250 (AMN)

Dear Judge Nevins:

      As you may recall, this firm represents N.V.E., Inc. ("NVE"), a creditor of the debtors' estate in the above-referenced matter.  For the reasons set forth below, we believe that the automatic stay as to the debtor, Vincent Rosarbo, terminated on September 15, 2017, pursuant to Section 362(c)(3)(A) of the Bankruptcy Code.  As a result, we write to request permission from the Court to proceed with the trial against Mr. Rosarbo in the District of New Jersey, which is scheduled to begin October 10, 2017.[1]

      In support of this request, we note that, in the past year, Mr. Rosarbo has filed two petitions for bankruptcy.  On February 17, 2017, he filed a voluntary petition under Chapter 13 of the Bankruptcy Code (Docket No. 17-bk-30192).  On March 31, 2017, he filed a motion to dismiss that case. (ECF #24).  On April 3, 2017, the Court granted his motion and dismissed his petition without prejudice. (ECF#26).  On August 16, 2017, Mr. Rosarbo (and his wife) filed a second petition under Chapter 7, which is pending before Your Honor.

      As a result of Mr. Rosarbo's multiple filings, the automatic stay normally triggered by the filing of a bankruptcy petition was subject to the above-cited provision of the Code, Section 362(c), which states, in relevant part:

---

[1] NVE does not believe that it is necessary to file a formal motion on this issue. *In re Wilson*, No. 13-21001 (ASD), 2014 WL 183210, at *1 (Bankr. D. Conn. 2013) (finding that a motion for relief from the automatic stay was "unnecessary" because the automatic stay had terminated  by operation of Section 362(c)(3)(A)). Nevertheless, NVE will file a formal motion on this issue if the Court deems it necessary.

{N5344467}



> if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . . the stay under subsection (a) with respect to any action taken with respect to a debt . . . **shall terminate with respect to the debtor on the 30th day after the filing of the later case**.

11 U.S.C.A. §362(c)(3)(A) (emphasis added).

Accordingly, we take the position that, pursuant to this Code provision, the automatic stay as to Mr. Rosarbo has terminated. Mr. and Mrs. Rosarbo filed a joint case under Chapter 7 and Mr. Rosarbo had a single case pending within the preceding one-year period that was dismissed. As a result, the automatic stay as to Mr. Rosarbo terminated on the 30th day after the filing of his latest petition (*i.e.*, September 15, 2017). *See In re Hariprasad*, No. 14-21841, 2014 WL 6461770, at *1 (Bankr. D. Conn 2014) (holding that the automatic stay of Section 362(a) terminated on the 30th day in accordance with Section 362(c)(3)(A) and was no longer in effect); *see also In re Wilson*, No. 13-21001 (ASD), 2014 WL 183210, at *1 (Bankr. D. Conn. 2013) (finding that a creditor was "free to commence, continue and prosecute to judgment a foreclosure action in state court and otherwise exercise its rights, if any, with respect to the Debtor and the Debtor's property *as well as property of the bankruptcy estate*" 30 days after the date of the second filing due to the operation of Section 362) (emphasis in the original).

Moreover, we note that the deadline for the debtor to file a motion to extend the automatic stay under Section 362(c)(3) has passed. That section states, in relevant part:

> on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) **after notice and a hearing completed before the expiration of the 30-day period** . . .

*Id*. (emphasis added).

Because Mr. Rosarbo has not filed a motion to extend the stay within the 30-day period, the stay has terminated and cannot be extended. *In re Weil,* No. 3:12CV462 SRU, 2013 WL 1798898, at *2 (D. Conn 2013) (explaining that "motions to *extend* the automatic stay under section 362(c)(3) must be filed and the "hearing *completed* before the expiration of the 30–day period") (emphasis in the original); *In re Ziolkowski*, 338 B.R. 543, 545–46 (Bankr. D. Conn. 2006) (denying motion to extend the automatic stay under Section 362 (c)(2) because debtors did not ensure that the hearing on their motion would take place within the 30-day period following the filing of their second petition).

{N5344467}



For all of the foregoing reasons, NVE respectfully requests permission of the Court to proceed with the trial against Mr. Rosarbo in the District of New Jersey. If the Court grants this request, NVE will withdraw its motion for relief from the automatic stay filed on August 23, 2017 (ECF #9), which the Court had taken under advisement following the hearing on September 13, 2017, and which would necessarily become moot, given the application of Section 362(c)(3)(A).

Thank you for Your Honor's courtesies and consideration of this request.

Respectfully submitted,

Thomas J. Sansone

cc: David Volman, Esq. (to dgvolman@sbcglobal.net)
    Kara Rescia, Esq., Chapter 7 Trustee (to court@ctmalaw.com)

{N5344467}