# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **In Re: 17-31250-amn** | ) | **Chapter 7 Proceeding** |
| | ) | |
| **Vincent Joseph Rosarbo dba Doric Vault of Connecticut, LLC and Angelina Rosarbo** | ) | |
| Debtor | ) | |
| | ) | |
| **CitiMortgage, Inc.** | ) | |
| Movant | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Vincent Joseph Rosarbo dba Doric Vault of Connecticut, LLC and Angelina Rosarbo and Kara S. Rescia, Trustee** | ) | |
| Respondent | ) | **October 2, 2017** |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (REAL PROPERTY)

CitiMortgage, Inc. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 164 Peat Meadow, New Haven, Connecticut 06513 (the "Property"). In further support of this Motion, Movant respectfully states:

1.  In the event the Court is not prepared to grant this motion based on the papers submitted, the Creditor requests the court take **judicial notice** of its own file and records in the instant proceeding including but not limited to the debtor's petition and schedules (which are incorporated herein by reference) pursuant to Federal Rule of Evidence 201 (C)(2) which are sworn to under penalties of perjury and thus admissible as evidence pursuant to Federal Rule of Evidence 801. The Creditor also requests the Court take judicial notice pursuant to Federal Rule of Evidence 201 (C)(2), of the Connecticut Superior Court's file and records provided with this motion, if any.

2.  Absent a timely objection, this Court may grant this motion without a hearing or additional evidence. When a contested matter is accompanied by notice that an objection or response must be filed by a date certain and no objection or response is filed, the contested matter may be granted without the need for a hearing. *See Dean v. Global Financial Credit, LLC (In re Dean)*, 359 B.R. 218, 221-22 (Bankr. C.D. Ill. 2006); *In Re Robert*, 313 B.R. 545, 550 (Bankr. N.D.N.Y. 2004); *In re Sadala*, 294 B.R. 180, 182-83 (Bankr. M.D. Fla. 2003). *See also Tyner v. Nicholson (In re Nicholson)*, 435 B.R. 622, 636 (9th Cir. BAP 2010) ("'where the parties do not request an evidentiary hearing or the core facts are not disputed, the bankruptcy court is authorized to determine contested matters on the pleadings and arguments of the parties, drawing

necessary inferences from the record'.") (quoting *In re Gonzales-Ruiz*, 341 B.R. 371-381 (1st Cir. BAP 2006)).

    3. Granting a contested matter on the basis that no timely response or objection is filed by the responding party is entirely proper because it merely follows the "ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Company, Inc. v. 1-800 Beargram Company*, 373 F.3d 241, 246 (2d Cir 2004).

    4. This "ancient common law axiom" is the source of Fed. R. Civ. P. 55, *id.*, which is specifically incorporated in contested matter procedure by Fed. R. Bankr. 9014(c) (incorporating various rules of Part VII, including Fed. R. Bankr. P. 7055, which incorporates Fed. R. Civ. P. 55). Indeed, at least one court has specifically recognized, on the basis of Rule 55, that "[i]n the absence of any challenge to the [relief from stay motion], the bankruptcy court was entitled to take as true the well-pleaded allegations in the [relief from stay motion]." *Villanueva v. Southstar III (In re Angulo)*, 2010 WL 6452895, at *5 (9th Cir. BAP Oct. 2010).[1]

---

[1] Although the 9th Cir. BAP in *Angulo* recognized that Rule 55(b) does not contemplate a hearing prior to entry of a default judgment unless such hearing is necessary to "'(C) establish the truth of any affiliation by evidence'," *id*. (quoting Fed. R. Civ. P. 55(b)(2)(C)), it followed that recognition by stating that such a hearing would be unnecessary "[i]n the absence of any challenge" to the motion for relief from the stay because "the bankruptcy court was entitled to take as true the well-pleaded allegations in the motion." *Id*. In any event, Rule 55(b) is directed to hearings to determine the amount of damages for which judgment should be entered. *See Brock v. Unique Racquetball and Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986). Inasmuch as damages are not at issue on a motion for relief from the automatic stay, Rule 55(b) would not apply in that context.

5. For purposes of adjudicating a motion for relief from stay, bankruptcy courts uniformly accept the information in the debtor's schedules as establishing the amount of debt to the moving creditor and the lack of equity in the property that is the subject of the motion. *See Deutsche Bank National Trust Co. v Miller* (*In re Miller*, 2012 WL 6041639, at *13-14 (Bankr. D. Colo. Dec. 4, 2012); *In re Jarner,* 2010 WL 3282589, at *6 (Bankr. D. Mass. Aug. 19, 2010); *In re Darosa*, 442 B.R. 173, 175 (Bankr. D, Mass 2010): *In re Leonard*, 151 B.R. 639, 643 (Bankr. N.D.N.Y. 1992); *In re Applin,* 108 B.R. 253, 257 (Bankr. E.D. Cal 1989). Indeed, one court has even noted that a debtor's schedules "may be treated as affidavits" under Fed. R. Civ. P. 43 in a contested matter. *See Hollar v. United States* (*In re Hollar*), 184 B.R. 25, 29 (Bankr. M.D.N.C. 1995).

6. In the event the Court is still not prepared to grant this motion based on the papers submitted even after taking Judicial Notice of its own files and records, **Movant requests the matter be set for a non-evidentiary hearing** in the same manner as if a party in interest objected to the Motion, so it may receive the benefit of its constitutional right to due process via being provided an opportunity to be heard in order to address any alleged deficiencies raised by any party in interest or any actual or alleged deficiency raised sua sponte by the Court. Significantly, even in the context of a Motion for Summary Judgment[2], which requires an

---

[2] Which is a contested matter pursuant to FRBP 9014(a) and thus Federal Rule of Civil Procedure 7056 applies.

affidavit be submitted in support thereof, **the Federal Rule of Civil Procedure is pragmatic and provides mechanisms for any allegedly unsupported assertion of fact and does not mandate denial of the motion**.

"7056 (e) **Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant the motion if the motion and supporting materials –including the facts considered undisputed-show that the movant is entitled to it;"

Said Rule promotes both judicial economy and efficiency.

      7. In the event this Court requires any additional evidence from Movant to support any allegation herein, this Court should conduct a hearing in lieu of denying this motion. See Federal Rule of Civil Procedure ("FRCP") 55(b)(2)(C) regarding the entry of a default judgment when, in order to enter judgment, the court needs a hearing to establish the truth of any allegation by evidence.  FRCP 55(b)(2)(C) is made applicable to this Motion by Federal Rules of Bankruptcy Procedure 7055 and 9014.

      8. In the event said initial hearing does not result in the Motion being granted, **Movant requests a further evidentiary hearing to address any issues.** At said evidentiary hearing,

Federal Rule of Civil Procedure 43(c), will be applicable only if Movant needs to rely on facts *outside* the record before this court and the Creditor may utilize a witness to establish a colorable claim/prove its entitlement to relief from stay, and/or submit an affidavit in accordance with said Rule.

    9. Motions for relief from the automatic stay do not involve a full adjudication on the merits of claims, defenses, or counterclaims; instead, the proceedings simply involve a determination as to whether a creditor has a colorable claim to the property of the estate. In granting a motion for relief from stay, the Bankruptcy Court does not make any binding determinations regarding the amount of the debt, the fair market value of the property[3], or the validity of the underlying security interest upon which the motion is based. *In re Vitreous Steel Products Co.*, 911 F.2d 1223, 1232 (7th Cir. 1990) (questions of the validity of liens are not at issue in a § 362 hearing, but only whether there is a colorable claim on property); *In re Johnson*, 756 F.2d 738, 740 (9th Cir. 1985) (relief from stay hearings are limited in scope to adequacy of protection, equity, and necessity to an effective reorganization, and validity of underlying claims is not litigated; *In re Quality Elect. Ctrs., Inc.*, 57 B.R. 288, 290 (Bankr. D.N.M. 1986) relief from stay proceedings limited to whether the moving creditor has a colorable claim to a perfected security interest). "If a court finds that likelihood to exist, this is not a determination of

---

[3] Significantly, a review of the local rules for every Bankruptcy District in New England reveals no standard requirement for valuations to be submitted to support a motion for relief stay.

the validity of those claims [to the estate], but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay." *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 3-34 (1st Cir. 1994). While the cited authority may only be persuasive in nature, there is no controlling authority to the contrary.

      10. Furthermore, pursuant to 11 U.S.C. § 362(g) the Movant only has the burden of proof regarding equity in the property. The Creditor does not have the burden of proving lack of payment or lack of adequate protection. The burden is on the Debtor or Trustee to prove the Creditor's security interest is adequately protected and that payments have been made in order to defeat a motion for relief from stay. In the absence of that burden being met, pursuant to 11 U.S.C. § 362(d)(2), the Court "shall" grant relief from stay.

      11. The granting of a motion for relief from stay merely allows the Movant to exercise its state law rights "if any", and does not provide the Movant with any greater rights than existed prior to the filing of the Debtor's bankruptcy petition.

      12. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor on August 16, 2017.

      13. The Debtor Vincent Joseph Rosarbo aka Vincent Rosarbo has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $80,000.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A. The

Movant is in possession of the original note and is entitled to enforce said note and mortgage. (defined below).

14. Pursuant to that certain Open-End Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor Vincent Joseph Rosarbo aka Vincent Rosarbo under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit B.

15. Said Mortgage was assigned to the Movant by virtue of an assignment of mortgage, a copy of which is attached hereto as Exhibit C.

16. As of September 15, 2017, the approximate outstanding amount of the Obligations less any partial payments or suspense balance is $24,665.97.

17. As of September 15, 2017, the Debtors have failed to make payments in an aggregate amount sufficient to satisfy in full the payment "contractually due"[4] under the Note on August 1, 2017 or any full payment contractually due under the Note thereafter.

18. The estimated market value of the Property is $125,000.00. The basis for such valuation is Debtors' Schedule A/B, attached hereto as Exhibit D.

19. Upon information and belief, the encumbrances on the Property listed in the Schedules including but not limited to the encumbrances granted to Movant, listed in order of

---

[4] This terminology has the same meaning as provided in Official Bankruptcy Form 410A, Part 5, Column F.

priority are: (i) Bank of America $87,263.00; (ii) CitiBank Mortgage $30,000.00; and Movant $24,665.97 as set forth in paragraph number 16 above and the exhibit referenced therein. See Exhibit E attached hereto.

    20.    The Schedules of the Debtors do not list an exemption for the Property.

    21.    Pursuant to 11 U.S.C. § 362(d)(1), cause exists for relief from the automatic stay for the following reasons:

        (a)    Movant's interest in the Property is not adequately protected.

        (b)    The note is "contractually due" for the August 1, 2017 payment.

    22.    Pursuant to 11 U.S.C. § 362(d)(2)(A), based on the Debtor's Schedules A/B and D, the Debtors have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

    **1.**    Relief from the stay allowing Movant and any successors or assigns to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property **or alternatively that a hearing be scheduled on the Motion.**

2. That based on the facts set forth in this motion the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For such other relief as the Court deems proper.

                CitiMortgage, Inc.

            By */s/ Sara M. Gould*
                Sara M. Gould
                The Movant's Attorney
                Federal Bar No.ct30340
                Bendett & McHugh, P.C.
                270 Farmington Avenue, Suite 171
                Farmington, CT 06032
                Phone (860) 677-2868
                Fax (860) 409-0626
                Email: BKECF@bmpc-law.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **In Re:17-31250-amn** | ) | **Chapter 7 Proceeding** |
| | ) | |
| **Vincent Joseph Rosarbo dba Doric Vault of Connecticut, LLC and Angelina Rosarbo** | ) | |
| **Debtor** | ) | |
| | ) | **Doc. I.D. No.** |
| **CitiMortgage, Inc.** | ) | |
| **Movant** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Vincent Joseph Rosarbo dba Doric Vault of Connecticut, LLC and Angelina Rosarbo and Kara S. Rescia, Trustee** | ) | |
| **Respondent** | ) | |

## ORDER GRANTING MOTION FOR RELIEF

After notice and a hearing, <u>see</u> Bankruptcy Code Section 102(1), on CitiMortgage, Inc., (hereafter, the "Movant"), <u>Motion for Relief from the Automatic Stay</u>, (hereafter, the "Motion") Doc. I.D. No. \_\_\_\_:

**IT IS HEREBY ORDERED** that the Motion is Granted—the automatic stay of 11 U.S.C. § 362(a) is modified to permit the Movant, its designated servicing agent, and/or its successors and assigns to commence, continue, and prosecute to judgment a foreclosure action and obtain possession in accordance with applicable state law and otherwise exercise its rights, if any, with respect to real property known as **164 Peat Meadow, New Haven, Connecticut 06513** in accordance with applicable state law, and

**IT IS FURTHER ORDERED** that the 14-day stay of Fed.R.Bankr.P. 4001 (a)(3) is not applicable and the Movant may immediately enforce and implement this order.

Dated: _____                BY THE COURT

                                         _____
                                         Honorable Ann M. Nevins
                                         U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE: Vincent Joseph Rosarbo dba Doric Vault of Connecticut, LLC and Angelina Rosarbo
DEBTOR(S)

CASE NUMBER: 17-31250-amn

CHAPTER 7

## NOTICE OF CONTESTED MATTER RESPONSE DEADLINE

**CitiMortgage, Inc.**, (the "Movant") has filed a Motion for Relief from Automatic Stay (the "Contested Matter"), in the above-captioned case. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than *October 16, 2017. In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, see, 11 U.S.C. § 102 (1).

Dated: **October 2, 2017**                    By:  **CitiMortgage, Inc.**

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: Vincent Joseph Rosarbo dba Doric Vault of Connecticut, LLC and Angelina Rosarbo<br>DEBTOR(S) | CASE NUMBER: 17-31250-amn<br><br>CHAPTER 7 |

**CERTIFICATION OF SERVICE**

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002, and 7004, the undersigned certifies that on the 2nd day of October, 2017, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system and by first class mail on the parties listed below:

**Documents Served:**

1. Motion for Relief from Automatic Stay

2. Proposed Order

3. Notice of Contested Matter

**Parties Served Via First Class Mail: (Complete Address Must Be Listed)**

Vincent Joseph Rosarbo dba Doric Vault of Connecticut, LLC and
Angelina Rosarbo
Debtor
23 Thistle Meadow Lane
Branford, CT 06405

By */s/ Sara M. Gould*
    Sara M. Gould
    The Movant's Attorney
    Federal Bar No.ct30340
    Bendett & McHugh, P.C.
    270 Farmington Avenue, Suite 171
    Farmington, CT 06032
    Phone (860) 677-2868
    Fax (860) 409-0626
    Email: BKECF@bmpc-law.com